# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 05-019-WDS |
| | ) |
| CHARLES McDANIEL, ROGER | ) |
| WALLER, SHERRY HILE and ROGER | ) |
| E. WALKER, JR., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, currently an inmate in the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

<u>COUNT 1</u>

In June 2004, while confined in the Menard Correctional Center, Plaintiff was assigned a new cell mate, Gregory Jones. Jones advised Plaintiff that he had already killed two people and would make him the third, then ordered Plaintiff to take the bottom bunk. Plaintiff immediately advised an officer, who told him to report the threat to Sgt. McDaniel. Plaintiff did as told, and McDaniel agreed that Plaintiff should be moved. No move occurred, though, and Jones continued to make threats against Plaintiff. Plaintiff reported these threats to McDaniel and to Lt. Waller on numerous occasions and repeatedly asked to be moved, to no avail. This pattern persisted throughout the summer, and on September 14, 2004, Jones made good on his threat and violently assaulted Plaintiff.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v.*

*McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against McDaniel and Waller at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## COUNT 2

Plaintiff's second claim is a generic complaint regarding cell size at Menard.  He alleges that double-celling inmates in the north cell house does not comply with state statutes mandating minimum square footage for remodeled or newly-built institutions.  *See* 730 ILCS 5/3-7-3.  He also alleges that placing mentally ill inmates in these crowded conditions in general population places all inmates at risk of assault.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause.  First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   The second requirement is a subjective element – establishing a defendant's culpable state of mind.  *Id.*

In this claim, Plaintiff has made no claim against any specific defendant regarding the subjective element.  Thus, he has failed to state a claim upon which relief may be granted, and Count 2 is dismissed from this action with prejudice.

## COUNT 3

Plaintiff's final claim is against Sherry Hile and Roger Walker.  He alleges that they have supplied prison officials with a manual on how to respond to inmate grievances, and such policies include avoiding an investigation of his complaints.  He believes that it was due to their actions,

inactions and policies that he was injured by Jones.

Essentially, this is a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Furthermore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Court also notes that, according to exhibits attached to the complaint, Plaintiff did not file any formal grievance about the situation with Jones until after he was assaulted; therefore, he cannot blame Department policies on a failure to investigate a grievance that was not filed until after the assault occurred.

In sum, he has failed to state a viable constitutional claim against Hile and Walker, and Count 3 is dismissed from this action with prejudice.

### DISPOSITION

IT IS HEREBY ORDERED that **COUNT 2** and **COUNT 3** are **DISMISSED** from this action with prejudice.

IT IS FURTHER ORDERED that Defendants **HILE** and **WALKER** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **McDANIEL** and **WALLER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **McDANIEL** and **WALLER** in the manner

specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in

- 5 -

accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: November 13, 2006.**

**s/ WILLIAM D.  STIEHL**
**DISTRICT JUDGE**